

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2015 MAR 12  AM 8:03

WILLIAM W. BLEVINS
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EPPENDORF AG** <br> Plaintiff, | * <br> * Civil Action No.: **15-799** <br> * |
| **VERSUS** | * Judge: _____ <br> * |
| **TOPSCIEN INSTRUMENT (NINGBO CHINA) CO., LTD** <br> Defendant | * Magistrate Judge: **SECT. N MAG 3** <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR INJUNCTIVE RELIEF

Eppendorf AG ("Eppendorf"), through undersigned counsel, alleges the following in support of its Complaint against Defendant, Topscien Instrument (Ningbo China) Co., Ltd. ("Topscien"), for infringement and counterfeiting of Eppendorf's federally registered "MINISPIN" trademark.

### NATURE OF THE CASE

1.  This is an action for trademark infringement and counterfeiting and under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, including the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d), and related state law claims for trademark infringement and unfair competition due to Defendant's unlawful manufacture, distribution, and/or sale of counterfeit merchandise and promotional materials bearing unauthorized copies of Eppendorf's federally registered "MINISPIN" trademark.

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc. No. _____

1

2.  Concurrent with the instant filing, Eppendorf has also filed a *"Motion for Temporary Restraining Order, Ex Parte Seizure Order and Preliminary Injunction."* This Motion seeks an order from the Court authorizing the seizure of all counterfeit merchandise and promotional materials found in the possession, custody or control of Defendant that bears any of Eppendorf's registered marks and/or any confusingly similar marks.

3.  Eppendorf seeks to have all such counterfeit merchandise and associated documents and materials seized until a hearing can be held before this Court to determine the disposition of any such goods, materials and/or documents seized.

4.  Eppendorf also seeks a restraining order and a preliminary and permanent injunction barring Defendant from unlawfully infringing Eppendorf's intellectual property rights through Defendant's manufacture, distribution, and/or sale of counterfeit merchandise or promotional materials bearing any of Eppendorf's registered marks, or any other word or name that is likely to cause confusion or mistake or to deceive.

## PARTIES

5.  Plaintiff, Eppendorf AG, is a German corporation, organized under the laws of Gernamny, having its principal place of business at Barkhausenweg 1, 22339 Hamburg, Germany. Eppendorf is a biotechnology company offering a broad range of biotechnology equipment, including centrifuges, pipettes, thermocyclers, thermomixers, devices for micromanipulation, consumables, microarrays, and full-automatic workstations for liquid handling.

6.  Upon information and belief, defendant, Topscien Instrument (Ningbo China) Co., Ltd., is a limited liability company located at No. 8 Donggong One Road, Jiangshan Town, South Business District, NingBo City 315191, China. Topscien is a manufacturer and/or

distributor of biotechnology equipment, including, but not limited to, centrifuges, and it is currently doing business in the Eastern District of Louisiana.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over the Defendants because they are transacting business in this State, and have caused harm or tortious injury in this State by acts within this State. Upon information and belief, Defendant is currently present in the Eastern District of Louisiana attending the "Pittcon" trade fair in connection with the claims asserted below.

8. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b). This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), with respect to the state law claims asserted herein.

9. This Court is an appropriate venue for this action under 28 U.S.C. § 1391(a)(2), because a substantial part of the events giving rise to Eppendorf's request for relief occur in this district.

## FACTUAL BACKGROUND

10. Eppendorf is a world leader in biotechnology equipment and manufacturers, among other goods, laboratory centrifuges for liquid sampling material. A centrifuge is a machine with a rapidly rotating container that applies centrifugal force to its contents, typically to separate fluids of different densities.

11. Since at least as early as August 31, 1999, Eppendorf has manufactured and sold centrifuges bearing the trademark "MINISPIN" within the United States. Eppendorf is the exclusive owner of the "MINISPIN" trademark, registered with the United States Patent & Trademark Office bearing U.S. Reg. No. 2,273,634, for use in connection with "lab units,

namely, laboratory centrifuges for liquid sampling material." (See Exhibit A, "MINISPIN" Registration Certificate).

12. Eppendorf personnel are currently attending the Pittcon trade fair taking place at the Ernest N. Morial Convention Center in New Orleans. Pittcon, which runs from March 8 - 12, 2015, is the world's largest annual conference and exposition for laboratory science.

13. It was at the Pittcon conference that Eppendorf personnel, namely, Dr. Lars Borrmann, encountered Topscien's centrifuges, which bore a striking resemblance to Eppendorf's centrifuges. More alarming, however, was the fact that Topscien was advertising its centrifuges using Eppendorf's "MINISPIN" trademark. The following are photographs of the respective products:

**Eppendorf's "MINISPIN" Centrifuge**     **Topscien's "MINISPIN" Centrifuge**



14. In connection with the advertising of its infringing centrifuges, Topscien was distributing brochures and CDs with the counterfeit "MINISPIN" mark. (See Exhibit B, Product

Brochure.) Furthermore, the infringing mark also appears on Topscien's website. (See Exhibit C, Website.)

15. At no time has Eppendorf authorized Defendant to manufacture, distribute, offer for sale or sell any counterfeit merchandise, nor has Eppendorf licensed to Topscien its exclusive trademark rights to the "MINISPIN" mark.

16. Upon discovery of the infringement, Dr. Borrmann spoke with Topscien's personnel at the conference concerning the improper use of the "MINISPIN" mark. Dr. Borrmann requested that Topscien redact all infringing uses of the "MINISPIN" mark.

17. Topscien's personnel initially agreed to remove the infringing references by scratching out the "MINISPIN" mark from its promotional literature. (See Exhibit D, Redacted Brochure). Within hours, however, Topscien had once again resumed the distribution of its infringing literature and CDs. Consequently, the Defendants' conduct represents a continuing problem, not yet abated, and the only effective relief available to Eppendorf is the *ex parte* seizure process.

18. Without the ability to seize Topscien's infringing materials at the Pittcon trade fair that is being held in New Orleans, Eppendorf stands to lose untold and irrecoverable sums in merchandise sales and suffer incalculable, irreparable damage to its reputation and goodwill in addition to the harm such counterfeiting will cause to the consuming public.

19. *Ex parte* seizure relief is thus essential if Eppendorf is to maintain a defense against and effectively police the unlawful activities of Defendant. Without such relief, Eppendorf will have no effective remedy against Defendants' continued distribution and sale of counterfeit merchandise that infringes Eppendorf's federally registered trademark, threatens lost

sales in untold dollars, and deceives the consuming public into mistakenly believing they are purchasing authorized, licensed, high quality goods from Eppendorf.

### Irreparable Harm To Eppendorf

20. Defendants' use of counterfeits of Eppendorf's trademark will deceive the consuming public into believing that they are purchasing genuine goods which have been manufactured, authorized, or approved by Eppendorf, and will likely cause confusion and mistake in that consumers are likely to assume that Eppendorf has manufactured, authorized, or approved the counterfeit merchandise sold by Defendant.

21. In addition to causing Eppendorf to suffer incalculable, irrecoverable and irreparable lost sales, Defendant's manufacture, distribution and sale of inferior quality counterfeit merchandise displaying the Eppendorf mark will irreparably injure Eppendorf's reputation for the manufacture and sale of the highest quality laboratory equipment.

### COUNT I

### Trademark Infringement

22. Plaintiff hereby re-alleges, as if fully set forth herein, the foregoing paragraphs of this Complaint.

23. Eppendorf's "MINISPIN" trademark has become well and favorably known to consumers throughout the United States as an indication of goods emanating from or authorized by Eppendorf.

24. Defendant's counterfeit use of Eppendorf's "MINISPIN" trademark constitutes infringement of Eppendorf's registered trademarks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

25. The threat of the loss of Eppendorf's right to control the use of its marks and the reputation of its goods is real and substantial. This loss is further enhanced by the inferior quality of Defendant's merchandise.

26. Defendant's acts described herein will infringe Eppendorf's mark, will injure Eppendorf's business, reputation, and goodwill, and unless restrained and enjoined will continue to do so, all to Eppendorf's monetary damage and irreparable harm.

## COUNT II

### False Designation Of Origin

27. Plaintiff hereby re-alleges, as if fully set forth herein, the foregoing paragraphs of this Complaint.

28. Defendant's use of Eppendorf's "MINISPIN" trademark creates a false designation of origin and a false representation of Defendant's goods, all in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. The threat of the loss of Eppendorf's right to control the use of its marks and the reputation of its goods is real and substantial. This loss is further enhanced by the inferior quality of Defendant's merchandise.

30. Defendant's acts described herein will infringe Eppendorf's mark, will injure Eppendorf's business, reputation, and goodwill, and unless restrained and enjoined will continue to do so, all to Eppendorf's monetary damage and irreparable harm.

## COUNT III

### Counterfeiting

31. Plaintiff hereby re-alleges, as if fully set forth herein, the foregoing paragraphs of this Complaint.

32. Upon information and belief, Defendant's centrifuges constitute the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services. Defendants have trafficked these goods in violation of the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d), and unless restrained and enjoined, will continue to traffic these goods, all to Eppendorf's monetary damage and irreparable harm.

## COUNT IV

### Trademark Infringement and Unfair Competition Under Louisiana Law

33. Plaintiff hereby re-alleges, as if fully set forth herein, the foregoing paragraphs of this Complaint.

34. Defendant's unauthorized use of Eppendorf's "MINISPIN" mark is likely to cause confusion, or mistake or to deceive as to the source of Defendant's goods and services, which constitutes trademark infringement and unfair competition under Louisiana law, La. Rev. Stat. §§ 51:222 and 51:1401, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Eppendorf AG, respectfully prays:

1. That this Court grant a temporary restraining order and a preliminary and permanent injunction enjoining Defendant from manufacturing, distributing, offering for sale or selling goods and/or promotional materials bearing Eppendorf's "MINISPIN" trademark, or any other mark, word, or name similar to the "MINISPIN" mark that is used in a manner which is likely to cause confusion or mistake or to deceive.

2. That this Court order that all counterfeit goods and promotional materials referring to or bearing the "MINISPIN" trademark, or any confusingly similar marks, be seized until a hearing can be held before this Court to determine the disposition of any goods so seized.

3. That this Court order that all counterfeit goods and promotional materials seized pursuant to this Court's order shall be delivered up to Eppendorf, Eppendorf's agents, or Eppendorf's attorneys pending the outcome of this action.

4. That Defendant be required to account to and reimburse Eppendorf for any and all profits which Defendant has derived from the sale of any counterfeit goods or any goods sold in connection with confusingly similar marks, and for any and all damages which Eppendorf has sustained by reason of the acts complained of herein, and/or statutory damages.

5. That Defendant be required to pay treble the amount of any profits derived from the sale of any counterfeit goods.

6. That this Court award Eppendorf its cost and reasonable attorneys' fees in this action.

7. That this Court grant such other and further relief as it deems just and appropriate under the circumstances.

Respectfully Submitted,

_____
Brad E. Harrigan, La. Bar No. 29592
Sara C. Eagan, La. Bar No. 34271
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email: bharrigan@lawla.com
Email: seagan@lawla.com
**Counsel for Eppendorf AG**

## VERIFICATION

I am Director of Marketing for Eppendorf North America. The allegations in the foregoing Complaint that relate or refer to Eppendorf are true to my own knowledge and as to those allegations that relate or refer to Defendant's activities and that are alleged upon information and belief, I believe them to be true. I verify under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of March, 2015 in New Orleans, Louisiana.

Dr. Lars Borrmann
Director of Marketing
Eppendorf North America