UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EPPENDORF AG | * | |
|     Plaintiff, | * | Civil Action No.: _____ |
| | * | |
| VERSUS | * | Judge: __15-799__ |
| | * | |
| TOPSCIEN INSTRUMENT | * | Magistrate Judge: __SECT. N MAG 3__ |
| (NINGBO CHINA) CO., LTD | * | |
|     Defendant | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## [~~PROPOSED~~] TEMPORARY RESTRAINING ORDER AND SEIZURE ORDER

Upon consideration of Plaintiff Eppendorf AG's ("Eppendorf") Verified Complaint, Motion for Temporary Restraining Order, *Ex Parte* Seizure Order and Preliminary Injunction ("Motion"), the memorandum and declaration in support of the Motion, and good cause having been shown;

**IT APPEARING TO THE COURT**, that Eppendorf exclusively owns and has the exclusive right to use the federally registered trademark MINISPIN (U.S. Reg. No. 2,273,634) for lab units, namely, laboratory centrifuges for liquid sampling material;

**IT APPEARING TO THE COURT**, that Defendant Topscien Instrument (Ningbo China) Co., Ltd. ("Topscien") is using the mark MINISPIN to advertise, market, and sell its own laboratory centrifuges without authorization;

**IT APPEARING TO THE COURT**, that Topscein's use of MINISPIN constitutes use of counterfeit marks within the meaning of 15 U.S.C. § 1116(d) and constitutes trademark

___Fee_____
___Process_____
_x_ Dktd_____
___CtRmDep_____
___Doc. No._____

infringement under 15 U.S.C. § 1114;

**IT APPEARING TO THE COURT**, that (1) Eppendorf is likely to succeed in showing that Topscien has used counterfeit or infringing marks in connection with the sale, offering for sale or distribution of goods and services; (2) Eppendorf will suffer irreparable injury and will have no adequate remedy at law if this Court declines to grant an *ex parte* seizure order and temporary restraining order; (3) the harm to Eppendorf clearly outweighs any harm that Topscien may incur if the seizure order and temporary restraining order are granted; (4) Eppendorf has not publicized the requested seizure; (5) Eppendorf has given reasonable notice of this application to the U.S. Attorney for this District; and (6) Eppendorf has otherwise complied with all statutory requirements;

**IT APPEARING TO THE COURT**, that prior notice of this Order need not be given to Topscien because that is likely to result in Topscien concealing or removing the infringing materials from the Court's jurisdiction;

**IT APPEARING TO THE COURT**, that it has the authority to enjoin trademark infringement under 15 U.S.C. § 1116(a) and 15 U.S.C. § 1114 and to issue a seizure order for goods that bear counterfeits of trademarks under 15 U.S.C. § 1116(d);

**IT IS HEREBY ORDERED**, that Topscien show cause before this Court, at 500 Poydras Street, New Orleans, LA 71030 in Courtroom 367 on the 20th day of March 2015 at 9:00 a.m./p.m., or as soon thereafter as counsel can be heard, why an order should not be entered granting Eppendorf a preliminary injunction enjoining Topscien from using the MINISPIN mark to advertise, market, or distribute its goods and/or raise any objection concerning any seizure effected pursuant to this Order; and

**IT IS FURTHER ORDERED**, that effective on March 12, 2015, pending a hearing and

determination of this application, or expiration of 14 days from the date of this Order, unless extended by the Court:

1. Defendant Topscien, along with their employees, representatives, and agents are temporarily enjoined and restrained from using the MINISPIN mark to advertise, market, or distribute its goods;

2. Any federal or state law enforcement officer and/or authorized representatives of Eppendorf are hereby authorized and directed to seize all Topscien promotional materials and/or goods bearing the MINISPIN mark located on the premises of the Ernest Morial Convention Center. All seized items shall be retained by Eppendorf, pending further instructions from the Court.

**IT IS FURTHER ORDERED**, that this Order is conditioned upon Eppendorf's filing with the Clerk of this Court a bond in the amount of $ 25,000 to secure payment of such costs and damages as may be incurred by any party who is found to be wrongfully retained hereby;

**IT IS FURTHER ORDERED**, that as soon as practicable after any seizure is made pursuant to this Order, Topscien shall be served with a Copy of this Order together with the Verified Complaint;

**IT IS FURTHER ORDERED**, that pursuant to 15 U.S.C. § 1116(d)(8), this Order, along with the supporting documents, shall be filed under seal and shall remain under seal until Topscien has had the opportunity to respond.

Dated: March 12, 2005

_____
U.S. DISTRICT COURT JUDGE