
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EPPENDORF AG<br>Plaintiff, | * * * | Civil Action No.: **15-799** |
| VERSUS | * * | Judge: **SECT. N MAG 3** |
| TOPSCIEN INSTRUMENT<br>(NINGBO CHINA) CO., LTD<br>Defendant | * * * * | Magistrate Judge: _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO SEAL PURSUANT TO 15 U.S.C. § 1116(d)

Pursuant to 15 U.S.C. § 1116(d) and Local Rule 5.6, Plaintiff Eppendorf AG ("Eppendorf"), through undersigned counsel, hereby files this Motion to Seal seeking an Order from the Court directing the Clerk to temporarily seal the file, including the docket sheet, of this Action, pending execution by the U.S. Marshal or other authorized personnel of the Seizure Order requested by Eppendorf in this case. The grounds for this motion are as follows:

1. Eppendorf has filed a Verified Complaint for trademark infringement and counterfeiting and under the Lanham Act, 15 U.S.C. § 1051, et seq., including the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d), and related state law claims for trademark infringement and unfair competition due to Defendant Topscien Instrument (Ningbo China) Co., Ltd.'s ("Topscien") unlawful manufacture, distribution, and/or sale of counterfeit merchandise and promotional materials bearing unauthorized copies of Eppendorf's federally registered "MINISPIN" trademark.

___Fee _____<br>
___Process _____<br>
_x_Dktd _____<br>
___CtRmDep ____<br>
___Doc. No. ____

1

2. Concurrent with the Verified Complaint, Eppendorf has also filed a *"Motion for Temporary Restraining Order, Ex Parte Seizure Order and Preliminary Injunction."* This Motion seeks an order from the Court authorizing the seizure of all counterfeit merchandise and promotional materials found in the possession, custody or control of Defendant that bears any of Eppendorf's registered marks and/or any confusingly similar marks.

3. The Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d)(8) (the "Act") requires that "[a]n order under this subsection, together with the supporting documents, shall be sealed until the person against whom the order is directed has an opportunity to contest such order, except that any person against whom such order is issued shall have access to such order and supporting documents after the seizure has been carried out."

4. The Act further requires the Court to "take appropriate action to protect the person against whom an order under this subsection is directed from publicity, by or at the behest of the plaintiff, about such order and any seizure under such order." 15 U.S.C. § 1116(d)(6).

5. No person will be prejudiced by entry of an Order temporarily sealing the Action and the docket because they will be sealed only temporarily, until such time as Topscein has the opportunity to respond to the Seizure Order.

6. Good cause exist for sealing this Action, including the docket, because given the past behavior of Topscien representatives, they will likely conceal the infringing materials if given notice of the pendency of this Action, which will result in Eppendorf effectively being denied relief and the irreparable harm to its goodwill and reputation going unabated. Sealing this Action also protects Topscien from potentially unwarranted publicity.

**WHEREFORE**, Eppendorf respectfully requests that the Court grant this Motion and enter an Order sealing this Action and the docket.

Respectfully submitted,

_____
**Brad E. Harrigan, La. Bar No. 29592**
**Sara C. Eagan, La. Bar No. 34271**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email: bharrigan@lawla.com
Email: seagan@lawla.com
**Counsel for Eppendorf AG**